SUYAPA QUINN, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [31 NYS3d 869]—

Judgment, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered March 26, 2014, awarding plaintiff damages upon a jury verdict apportioning liability 60% against defendants New York City Transit Authority and The Manhattan and Bronx Surface Transit Operating Authority (collectively NYCTA) and 40% against nonparty unidentified driver, unanimously affirmed, without costs.

The jury verdict was supported by legally sufficient evidence that the NYCTA driver was negligent in the happening of the accident (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Plaintiff's testimony that the driver was inattentive, and the driver's sudden recall of the accident despite having no memory of it at the time of his deposition, supported the jury determination that the emergency doctrine did not apply.

The trial court erred in including the nonparty unidentified driver on the verdict sheet. Since article 16 did not apply to this motor vehicle accident (*see* CPLR 1602 [6]), there was no reason for the jury to assess liability between the unknown nonparty driver and the bus driver (*see Duffy v County of Chautauqua*, 225 AD2d 261, 266-267 [4th Dept 1996], *lv dismissed in part and denied in part* 89 NY2d 980 [1997]). Nevertheless, the error was harmless, as there was no evidence of jury confusion or a compromise verdict (*compare Rivera v City of New York*, 253 AD2d 597, 600 [1st Dept 1998]). Concur— Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.